IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

      Plaintiff,                   No. CIV S-10-0847 LKK EFB P

      vs.

CHRISTOPHER NORTH,
                                    ORDER AND
      Defendant.              FINDINGS AND RECOMMENDATIONS

                              /

      Plaintiff is confined at Coalinga State Hospital, and is proceeding without counsel. He has filed a complaint purportedly brought pursuant to 42 U.S.C. § 1983. Plaintiff has filed an application to proceed *in forma pauperis*. Examination of these documents reveals that plaintiff is unable to afford the costs of this action. Accordingly, the request to proceed *in forma pauperis* will be granted. However, the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

      In his complaint, plaintiff names as a defendant D. Christopher North, and appears to allege that North conducted an "illegal" mental evaluation of plaintiff. Compl., Dckt. No. 1 at 3.

As relief, plaintiff requests that the court give plaintiff a "new and fair trial" and a "new and fair evaluation" by an evaluator that "[does not] lie." *Id.* He also claims to have suffered a loss of personal liberty. *Id.* at 4.

A suit under the civil rights statute is appropriate where a plaintiff challenges the conditions of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 499 (1973). Here, plaintiff does not appear to be challenging his conditions of confinement. Rather, he seems to be challenging his continued commitment at Coalinga State Hospital based on the results of defendant North's mental evaluation. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhausting state judicial remedies. *See id.* at 500. Thus, plaintiff's sole remedy for invalidating his commitment in federal court and obtaining release from the Coalinga State Hospital is through a habeas petition.

Plaintiff has requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted; and

2. Plaintiff's May 5, 2010 and May 26, 2010 requests for appointment of counsel are denied.

Further, it is hereby RECOMMENDED that this action be dismissed without prejudice to filing a petition for writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 17, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE